UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 10-8564 DSF (PLAx) | Date | 11/19/10 |
|---|---|---|---|
| Title | ACN Construction, Inc., et al. v. United National Insurance Co., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Action to the Superior Court of California, County of Los Angeles for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Even so, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded back to state court. 28 U.S.C. § 1447(c).

Defendants claim that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Docket No. 1 ("Notice of Removal").) Subject matter jurisdiction based on diversity requires complete diversity of citizenship between the parties, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).

A partnership is a citizen of all of the states in which its members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs Mayer Beverly Park, LP and OP Property Management, LP are both limited partnerships. Defendants have not alleged – let alone submitted any evidence – regarding the citizenship of the members of these respective partnerships. Nor can their citizenship be determined from the face of the First Amended Complaint. Thus, Defendants failed to meet their burden of establishing complete diversity. Because of this failure, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

REMANDS the action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.